IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Juan Bautista Alomia-Torres, #12930-058,** ) | Case No. 2:15-cv-4605-JMC-MGB |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Bobby Meeks, Warden,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

Juan Bautista Alomia-Torres ("Petitioner") is a federal prisoner at the Federal Correctional Institution ("F.C.I.-Williamsburg") located in Salters, South Carolina. He has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1). He is proceeding *pro se* and has paid the filing fee (see DE# 1, Receipt number SCX400011013). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and submit findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition should be **dismissed,** without prejudice, and without requiring the respondent to file a return, for the following reasons:

**I. Background**

The parties have set forth the relevant facts and procedural history in considerable detail. The United States indicates that:

> For approximately seven years between 1989 and 1997, Alomia-Torres, a native of Colombia, South America, participated in a large-scale conspiracy to import and distribute cocaine in the Charlotte and Mecklenburg County areas of North Carolina. WDNC Case No. 3:97-CR-40-2-V, PSR ¶¶ 9-38. More than 300 kilograms of cocaine was reasonably foreseeable to Alomia-Torres during the course of his participation in the conspiracy. Id., PSR ¶ 38. Additionally, the organization engaged in money-laundering transactions totaling nearly $229,000. Id., PSR ¶ 36.

(DE# 7-1 at 1, Memorandum in Support). *See also United States v. Alomia-Torres*, 2000 WL 718418 (4th Cir. June 5, 2000) (observing that "the conspirators imported the cocaine from Colombia and Ecuador and distributed it in North Carolina, Georgia, Texas, and New York. The conspiracy involved over twenty people…").

On May 12, 1997, a federal grand jury in the Western District of North Carolina returned a federal indictment against Petitioner for: 1) conspiracy to possess with intent to distribute quantities of crack and powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); 2) possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); 3) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), (a)(1), (a)(2) and 1957(a); and 4) conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 and 952. (DE# 1-1 at 3). Petitioner received a jury trial and was convicted of all four offenses (Counts 1, 3, 6, and 7). (See DE# 7-5, copy of Judgment in *United States v. Alomia-Torres*, WDNC Case No. 3:97-CR-40-2).

The United States indicates that the Presentence Report ("PSR") calculated a total offense level of 43 and a criminal-history category of 1, and indicated an applicable Sentencing Guidelines term of life in prison for the drug-trafficking offenses. (DE# 7-1, citing PSR ¶ 82). The statutory maximum for the three drug offenses was life imprisonment. (PSR ¶ 81); 21 U.S.C. §§ 841(b)(1)(A), 851. The United States indicates that under the PSR, Petitioner was subject to a statutory maximum term of 240 months in prison for the money-laundering offense. (*Id*., citing PSR ¶¶ 81-82, providing for an applicable Guidelines term of 20 years for such offense). The District Court sentenced Petitioner to life in prison for the drug-trafficking offenses and to twenty (20) years in prison for the money-laundering offense, to run concurrently. (See DE# 7-5 at 2, copy

of Judgment). Petitioner appealed, and the Fourth Circuit affirmed the conviction and sentence. *United States v. Alomia-Torres*, 2000 WL 718418 (4th Cir. June 5, 2000).

On June 1, 2001, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. He asserted issues under *Apprendi v. New Jersey*, 530 U.S. 466 (June 26, 2000) and argued ineffective assistance of counsel (both trial and appellate). On July 11, 2003, the District Court denied the motion. (DE# 7-6, copy of memorandum opinion). The District Court held that *Apprendi* was not retroactively applicable to cases on collateral review, and further found that Petitioner's conviction and sentence were affirmed before *Apprendi* was even decided, and therefore counsel was not ineffective for not citing or relying on such case.

On January 17, 2006, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking to challenge his conviction and vacate his sentence. The District Court dismissed the motion because it was an impermissible attempt to bring an unauthorized successive § 2255 motion. (DE# 7-9, copy of order, "defendant is now again attacking his sentence on the same grounds as previously raised in his Motion to Vacate"). The Fourth Circuit Court of Appeals dismissed the appeal. *See United States v. Alomia-Torres*, 2006 WL 1064138 (W.D.N.C. Apr. 20, 2006), *appeal dism'd by* 286 F.App'x 11 (4th Cir. Aug. 4, 2008) and *appeal dism'd by* 341 F.App'x 863 (4th Cir. Aug. 19, 2009).[1] Petitioner also moved for a sentence reduction, which the District Court denied on July 21, 2009. *See United States v. Alomia-Torres*, 385 F.App'x 351, 2010 WL 2640180 (4th Cir. June 29, 2010) (per curiam) (affirming denial of sentence reduction).

On November 5, 2012, Petitioner filed another motion under Rule 60(b), again seeking to challenge his sentence on *Apprendi* grounds. The District Court dismissed the motion because it was an impermissible attempt to bring an unauthorized successive § 2255 motion. *See Alomia-*

---

[1] Petitioner's additional appeal pertained to his request for an extension of time.

*Torres v. United States*, 2013 WL 3967685 (W.D.N.C. Aug. 1, 2013) ("the present effort appears to be a second, unauthorized § 2255 motion"), *appeal dism'd by* 555 F.App'x 276 (4th Cir. Feb. 25, 2014). The Fourth Circuit Court of Appeals construed the Petitioner's notice of appeal as a request for authorization to file a successive § 2255 petition, but found that Petitioner had failed to meet the requirements of § 2255(h) to bring a successive petition. *See United States v. Alomia-Torres*, 555 F.App'x 276, 2014 WL 703807 (2014) (per curiam). Petitioner acknowledges that he "had neither new evidence of innocence of the offense nor a new Supreme Court constitutional ruling." (DE# 1-1 at 5).

Petitioner, while incarcerated at FCI-Williamsburg in South Carolina, then filed the present habeas petition in the United States District Court for the District of South Carolina. (DE# 1). Petitioner once again seeks to challenge the validity of his federal sentence, but this time seeks to proceed under 28 U.S.C. § 2241. (*Id*., ¶ 2b). The United States moved to dismiss for lack of jurisdiction. (DE# 7). The United States subsequently supplemented its motion. (DE# 10). After a *Roseboro* order was issued, Petitioner filed a response to the motion to dismiss. (DE# 11).[2]

## II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[2] *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. Oct. 15, 1975) (instructing that a *pro se* litigant must be alerted that his failure to respond to a dispositive motion could result in dismissal of case).

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).[3]

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III. Discussion

The Petitioner is attempting to proceed under § 2241. He asks this Court to vacate his sentence and cites *Persaud v. United States*, ⸺ U.S. ⸺, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014) in support. (DE# 1-1 at 5-6). Petitioner argues that "the § 851 enhancement as applied to Petitioner as (sic) illegally enhance his sentence on Count One, Three, and Seven based on prior simple possession of narcotic offense." (DE# 1, ¶ 7, verbatim). In his supporting memorandum, Petitioner argues that his "prior North Carolina simple possession of narcotic offense … never qualified as predicate [felony drug] offense" for purposes of 21 U.S.C. §§ 841(b) and 851. (DE#

---

[3] The Rules Governing Section 2254 Cases in the United States District Courts may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

1-1 at 5-6). He asks to be re-sentenced "without the §851 enhancement." (*Id*. at 9). Although Petitioner complains that ten (10) years should have been the "starting point" for his sentencing range (DE #1-1 at 8), the record reflects that the District Court imposed a life sentence on each drug offense under the Guidelines. (*Id*. at 7). Petitioner also argues that his sentence for the money-laundering offense was increased to a statutory maximum of twenty (20) years. (DE# 1-1 at 7).

Petitioner is attempting to challenge his sentence by means of a § 2241 petition. It is well-established that a federal prisoner must seek habeas relief from his conviction and sentence by means of a § 2255 motion, *see Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), whereas a petition under § 2241 is generally used to challenge the manner in which a sentence is executed, *see In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*).

A prisoner cannot challenge the legality of his detention by means of a § 2241 petition unless he can satisfy the narrow exception of the § 2255 "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention' "), *cert. denied*, 135 S.Ct. 990 (2015).

To show that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, a petitioner must establish the following criteria:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

>changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194, n.5.

Petitioner argues that § 2255 is inadequate or ineffective "because it does not allow [him] to present the particular argument he now wants to make." (DE# 1-1 at 4). The United States correctly points out that the remedy under § 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." (DE# 7-1 at 4, quoting *Jones*, 226 F.3d at 333); *see also In re Vial*, 115 F.3d at 194, n.5 (explaining that the prohibition against successive petitions does not mean the § 2255 remedy is inadequate or ineffective). The United States points out that a "contrary rule would effectively nullify the gatekeeping provisions" restricting second or successive applications for collateral relief. (DE# 7-1 at 4). The Fourth Circuit Court of Appeals has instructed that "if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the unauthorized habeas motion . . . for lack of jurisdiction." *Rice*, 617 F.3d at 807. The United States asserts that this jurisdictional requirement cannot be waived and that dismissal is required here. *Id*. at 806-07.

The Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241); *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence" applies only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"), *cert. denied*, 562 U.S. 1055 (2010).

Petitioner cites the Solicitor General's brief in *Persaud v. United States*, 134 S.Ct. 1023, 1033 (2014) for the proposition that the "savings clause" of 28 U.S.C. § 2255 is "available even though the challenge is to the sentence, not the underlying conviction." (DE# 1-1 at 6). Such brief is not binding authority here. Moreover, *Persaud* involved a remand for consideration of additional briefing and was not a "substantive decision." Therefore *Persaud* does not support Petitioner's contention that his sentencing challenges may be brought in a § 2241 petition. *See Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016) (dismissing § 2241 petition because *Persaud* did not announce a change in the law and "does not support [petitioner's] contention that the particular sentencing errors he complains of are amenable to § 2241 relief"). Because Petitioner challenges the validity of his sentence, his § 2241 petition does not fall within the savings clause of § 2255(e), and his petition is properly subject to dismissal.

Moreover, Petitioner has previously filed an unsuccessful § 2255 motion. To the extent Petitioner is attempting to bring an unauthorized successive § 2255 motion, he "must first obtain authorization from the appropriate court of appeals" before filing a successive § 2255 petition. 28 U.S.C. § 2244(b)(3); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir.), *cert. denied*, 540 U.S. 995 (2003). Petitioner has not obtained such authorization. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Id.* (instructing district courts to dismiss successive petitions).

Although Petitioner does not cite or discuss *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), he appears to be raising a *Simmons* (or *Simmons*-related) issue. The United States therefore addressed *Simmons* in its response. (DE# 7-1 at 5; DE# 10 at 6-7). In *Simmons*, the Fourth Circuit Court of Appeals held that a defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was for an offense not "punishable by

imprisonment for a term exceeding one year," and thus did not qualify as predicate felony conviction for purposes of the Controlled Substances Act ("CSA"). *Id*. The Fourth Circuit held that the government could not rely on a hypothetical enhancement to set the maximum term of imprisonment under the CSA, and that hypothetical aggravating factors could not be considered when calculating the defendant's maximum punishment. *Id*. at 243-244. In other words, the prior conviction constituted a felony under North Carolina law for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant, not as to any hypothetical or "possible" defendant. *Id*. at 247. The *Simmons* decision was based on an interpretation of the Supreme Court's opinion in *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), which held that, in the context of determining what constitutes a qualifying felony, the sentencing court must examine the criminal record of the defendant presently before the court and not the record of a hypothetical defendant.[4]

In the present case, the United States indicates that in 1997 it filed an Information under 21 U.S.C. § 851 based on a prior conviction that may not have constituted a "felony drug offense" as that term was later defined in *Simmons*. The United States points out that although the enhancement resulted in a mandatory minimum of 240 months imprisonment for Petitioner's drug offenses, the District Court sentence Petitioner to life imprisonment — which is a sentence above such mandatory minimum — based on Sentencing Guidelines in effect at the time (§ 2D1.1) and the court's drug-quantity calculation. In other words, Petitioner was not sentenced to a mandatory minimum sentence in violation of *Simmons*. Rather, Petitioner's life sentence resulted from

---

[4] The Fourth Circuit Court of Appeals later held that *Simmons* is retroactive to cases on collateral review. *See Miller v. United States*, 735 F.3d 141, 146 (4th Cir. Aug. 21, 2013) ("This Court applied *Carachuri* to create a new substantive rule"). *Miller* involved a claim of actual innocence of an underlying 18 U.S.C. § 922(g) conviction. The present case does not involve actual innocence of a firearm conviction under § 922(g).

application of the Sentencing Guidelines in effect at the time of sentencing in his case.[5] Although Petitioner complains of his sentence, the record establishes that he was sentenced to life imprisonment, not a mandatory-minimum term of imprisonment.[6]

Although Petitioner appears to challenge his sentence based on *Simmons* and *Carachuri–Rosendo,* Petitioner has not shown that he may proceed under the savings clause. *See, e.g., Artis v. Zeigler*, 2015 WL 3456285 (S.D.W.Va. April 14, 2015), *adopted by,* 2015 WL 3468252 (S.D.W.Va., June 1, 2015) (dismissing § 2241 petition because "petitioner's challenge to the validity of his sentence based upon *Simmons* and *Carachuri–Rosendo* does not meet the requirements of the saving clause"); *Hayes v. Ziegler*, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd* 573 F.App'x 268 (4th Cir. May 29, 2014) (same); *Chambers v. United States*, 2013 WL 171091 (W.D.N.C. Jan. 16, 2013) (denying § 2241 relief where Petitioner challenged enhancement of his sentence based on prior North Carolina drug convictions, because "Petitioner's claim does not come within the purview of § 2241"); *Noggin v. Wilson*, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013) (holding that petitioner could not challenge his sentence based upon *Simmons* in a § 2241 petition); *Teaster v. Ziegler*, 2015 WL 2145222, *5 (S.D.W.Va. May 7, 2015) ("reliance on § 2255(e)'s savings clause is misdirected" when used to "challeng[e] the classification of a prior conviction that was used to determine [the] instant sentence"); *Pimental v. O'Brien*, 2014 WL 4082425, *2 (N.D.W.Va. Aug.19, 2014) (same).

---

[5] In *Simmons*, a predicate "felony drug" conviction triggered the ten-year statutory minimum sentence set forth in the CSA, whereas Simmons' Guidelines range would have been only 63–78 months. *Id*. at 239, citing 21 U.S.C. § 841(b)(1)(B)(vii). In Alomia-Torres' case, he was sentenced above the statutory minimum to a Guidelines sentence of life imprisonment.

[6] In the present case, any §2255 claim based on *Carachuri–Rosendo* would be untimely. The limitations period of 28 U.S.C. § 2255(f)(3) began running on June 14, 2010 when the Supreme Court decided *Carachuri–Rosendo*. *See, e.g., Hallman v. United States*, Case No. 3:05–376-MBS, 2015 WL 4231847, *2 (D.S.C. July 13, 2015) (discussing timeliness of claims based on *Carachuri–Rosend*). Petitioner filed his second Rule 60 motion (construed as a repetitive unauthorized § 2255 motion) on November 5, 2012, well beyond a year from the date of the Supreme Court's decision in *Carachuri–Rosendo*. A procedural bar does not mean that §2255 relief is "ineffective or inadequate." *Jones*, 226 F.3d at 333); *In re Vial*, 115 F.3d at 194, n.5.

Additionally, the United States points out that in addition to the three life sentences for drug offenses, Petitioner received a 240-month sentence for his money-laundering offense. The United States indicates that such term of imprisonment was also established by application of the Sentencing Guidelines without consideration of the Controlled Substances Act. In other words, the United States asserts that, contrary to Petitioner's suggestion (DE# 1-1 at 7), the District Court did not impose a sentence in excess of the statutory maximum for Petitioner's money laundering offense. The United States also notes that, based on the concurrent sentence doctrine, no relief would be appropriate with respect to the sentence for money laundering. (DE# 7-1 at 7). Such doctrine provides that "where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction. It requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988). Although Petitioner alleges that his sentence for the money-laundering offense was increased to a statutory maximum of twenty (20) years (DE# 1-1 at 7), the PSR actually indicates that "[b]ecause the statutory maximum sentence of imprisonment for Count Six is less than the minimum of the guideline range, the guideline term of imprisonment for Count Six shall be 240 months." (PSR, ¶ 82, citing U.S.S.G. § 5G1,1). In any event, Petitioner has not shown that he is entitled to proceed under § 2241.

As the United States asserts, Petitioner has not shown that his sentence is the result of a fundamental error in the criminal proceedings, and this Court does not have jurisdiction to entertain this § 2241 petition based on the savings clause of § 2255(e). (DE# 7-1 at 6); *and see e.g., Lighter v. Meeks*, Case No. 9:15-3085-TMC-BM, 2016 WL 4208107 (D.S.C. Aug. 10, 2016) ("Petitioner does not allege that he is actually innocent of the predicate offenses. Rather, he argues that the sentencing enhancement does not apply. Thus, the procedural flaw inherent in his § 2241 petition

is not remedied by *Simmons*), *appeal dism'd* (4th Cir. Nov. 16, 2016); *Jackson v. O'Brien*, 2015 WL 4389561, *4 (N.D.W.Va. July 17, 2015) ("Because Jackson argues that he is innocent of a sentencing factor, his challenge is not cognizable under § 2241 ….[and] because the conduct of which he was convicted has not ceased to be criminal, he cannot rely on the savings clause of § 2255. Thus, Jackson's claim cannot be brought under § 2241."). This Court lacks jurisdiction to reach the merits of the Petitioner's § 2241 motion, and therefore, this Petition should be dismissed without prejudice.[7]

## V. Recommendation

Accordingly, the Magistrate Judge recommends that: 1) the Petition (DE# 1) be **dismissed** without prejudice and without requiring the respondent to file a return; and 2) the Motion to Dismiss by the United States be **granted**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 23, 2017
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

---

[7] A certificate of appealability ("COA") is not required for federal prisoners to seek review of denial of a § 2241 petition. See 28 U.S.C. § 2253(c)(1)(A) (requiring a COA for § 2254 habeas proceedings arising out of process issued by a state court and for proceedings under § 2255). Courts within this circuit have so held. *See, e.g., Hayes v. Ziegler*, 2014 WL 670850, *14, n.4 (S.D.W.Va. Feb. 20, 2014); *Ford v. Driver*, 2009 WL 1921113 (N.D.W.Va. July 2, 2009). Other circuits agree. *See Ojo v. INS*, 106 F.3d 680, 681-82 (5th Cir. 1997); *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition."), *cert. denied*, 133 S.Ct. 292 (2012); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).